UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| ELVERT S. BRISCOE, JR., | : | CASE NO. 1:18-cv-02417 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 24] |
| v. | : |  |
| GARY MOHR, et al., | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* plaintiff Elvert S. Briscoe sues Gary Mohr, former Ohio Department of Rehabilitation and Correction Director, among others, for violating his civil rights while he was incarcerated at Grafton Correctional Institution.[1]

Now, Defendant Mohr moves to dismiss the claims against him for failure to state for which the court can grant relief. Plaintiff Briscoe did not respond.

For the following reasons, the Court **GRANTS** Defendant Mohr's motion to dismiss.

I. Background

The events leading to this litigation occurred while Plaintiff Briscoe was an inmate at Grafton Correctional Institution.

According to Plaintiff Briscoe, following a contraband incident between Briscoe and another inmate, Mark Hurayt in June 2016, Hurayt began making false accusations against Briscoe. Plaintiff Briscoe says he told prison staff he was concerned about Hurayt's false accusations.[2]

---

[1] Doc. 1.
[2] *Id.*

Case No. 1:18-cv-02417
GWIN, J.

In July 2016, prison staff began investigating Plaintiff Briscoe and several other inmates related to a potential prison escape plot. Prison staff based the investigation on Hurayt's allegations and other evidence.[3] According to Plaintiff Briscoe, inmate Hurayt and prison staff conspired to implicate Plaintiff in a false escape plot in retaliation for Briscoe reporting Hurayt's false allegations and contraband.[4] As part of the investigation, Plaintiff and the other inmates implicated in the escape plot took voice stress analysis tests. The voice stress analysis test indicated that Plaintiff had been untruthful and Plaintiff Briscoe was charged for the escape plot.[5]

During the Rules Infraction Board hearing on the escape charge, Plaintiff states that prison staff restricted his ability to present some evidence.[6] After the hearing, the Board was split on whether to find Plaintiff Briscoe guilty of plotting to escape.[7] According to Plaintiff, the Board found Plaintiff Briscoe guilty after the warden of Plaintiff's facility appointed a biased prison staffer to serve as the tie-breaking vote.[8] As a result of the conviction, Plaintiff was moved a high security facility and lost certain privileges and property.

Plaintiff Briscoe appealed the Board's decision. Defendant Mohr denied Plaintiff's merits appeal.[9]

Plaintiff Briscoe sued with the present suit alleging various civil rights violations.

---

[3] Doc. 1.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Doc. 1.
[9] *Id.*

Case No. 1:18-cv-02417
GWIN, J.

Subsequently, this Court sua sponte dismissed Plaintiff's complaint for failure to state a claim.[10] On appeal, the Sixth Circuit affirmed in part and reversed in part.[11] Presently, only Plaintiff's procedural due process and retaliation claims remain.[12]

## II. Discussion

When considering a motion to dismiss under Rule 12(b)(6), the court must determine "whether the complaint contain[s] sufficient factual matter, accepted at true, to state a claim to relief that is plausible on its face."[13] In making this determination, the court "construes the complaint in the light most favorable to the plaintiff" and "accepts the plaintiff's factual allegations as true."[14]

Despite the less stringent pleading standards for *pro se* plaintiffs,[15] Plaintiff Briscoe fails to state a claim against Defendant Mohr for which the court can grant relief.

### A. Supervisory Liability

"[T]o succeed on a supervisory liability claim, Plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."[16]

In this case, Plaintiff Briscoe relies, in part, on a supervisory liability theory for his claims against Defendant Mohr.[17] However, Plaintiff failed to include any factual allegations that suggest that Mohr was aware of the prison staff's conduct, let alone permitted the

---

[10] Doc. 5.
[11] *Briscoe v. Mohr*, No. 19-3306, 2020 WL 1813660 (6th Cir. Mar. 16, 2020).
[12] *Id.*
[13] *Heinrich v. Waiting Angels Adoption Serv., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotations omitted).
[14] *Id.*
[15] *Haines v. Kerner*, 404 U.S. 519, 521 (1972).
[16] *Garza v. Lansing School District*, 972 F.3d 853, (6th Cir. 2020).
[17] Doc. 1.

Case No. 1:18-cv-02417
GWIN, J.

conduct. Resultingly, Plaintiff Briscoe fails to state a claim against Defendant Mohr for supervisory liability.

### B. Procedural Due Process

Plaintiff Briscoe claims that Defendant Mohr violated his procedural due process rights when Defendant Mohr denied his appeal "on the merits."[18] This allegation is insufficient to support a procedural due process violation claim against Defendant Mohr.

### C. Retaliation

Plaintiff Briscoe makes no claims that Defendant Mohr was aware that Briscoe had earlier reported inmate Hurayt. Likewise, the complaint does not allege that Defendant Mohr was motivated to act against Briscoe because Briscoe reported Hurayt. Resultingly, Plaintiff Briscoe has failed to state a retaliation claim against Defendant Mohr.

### III. Conclusion

For the foregoing reasons, the Count **GRANTS** Defendant Mohr's motion to dismiss.

IT IS SO ORDERED.

Dated: March 30, 2021         *s/  James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[18] Doc. 1 at 30.