UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                    |   |                              |
|---|---|---|
| ELVERT S. BRISCOE, JR.,            | : | CASE NO. 1:18-cv-02417       |
| Plaintiff,                         | : | OPINION & ORDER              |
|                                    | : | [Resolving Doc. 29]          |
| v.                                 | : |                              |
| WARDEN LASHANN EPPINGER, et al.,   | : |                              |
| Defendants.                        | : |                              |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* Plaintiff Elvert S. Briscoe sues prison officials for due process violations and retaliation.

Previously, this Court granted former Defendant Gary Mohr's motion to dismiss Plaintiff's claims against him. Now, Plaintiff moves the Court to alter or amend its earlier decision under Federal Rule of Civil Procedure 59. Further, Plaintiff moves for an extension of time to file a response to Mohr's motion to dismiss under Rule 6(b). Finally, Plaintiff moves under Rule 15 for leave to amend his complaint to cure the deficiencies in his claims against Mohr.

For the following reasons, the Court **DENIES** Plaintiff's motions to alter or amend this Court's judgment, for additional time to file a response, and for leave to amend his complaint.

I. Background

Plaintiff Briscoe sues prison officials, claiming they violated his due process rights and retaliated against him while he was an inmate at Grafton Correctional Institution.

Case No. 1:18-cv-02417
GWIN, J.

On August 14, 2020, former Defendant Gary Mohr filed a motion to dismiss Plaintiff's claims against him. On September 24, 2020, Plaintiff filed a motion for an extension of time to respond to Mohr's motion to dismiss. On October 1, 2020, the Court granted Plaintiff's motion for an extension. Plaintiff had until October 14, 2020 to respond, but Plaintiff did not. On March 30, 2021, this Court granted Mohr's motion to dismiss on the merits.

Now, Plaintiff Briscoe asks the Court to alter or amend its order granting Mohr's motion to dismiss. Further, Plaintiff requests additional time to file a response to Mohr's motion. Finally, Plaintiff seeks leave to amend his complaint.

## II. Discussion

### A. Plaintiff's Motion to Alter or Amend a Judgment

A court should grant a motion to alter or amend judgment under Rule 59 "only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."[1]

In this case, Plaintiff asks the Court to alter or amend its judgment because the Court may have "overlooked" the factual support for Plaintiff's claims against Mohr.[2] Plainly, a motion to alter or amend a judgment is the wrong vehicle to raise such an argument.

Accordingly, the Court denies Plaintiff's motion.

### B. Plaintiff's Motion for an Extension of Time to Respond to Mohr's Motion to Dismiss

Under Rule 6(b), the court may grant a party an extension for "good cause" if the party missed the deadline "because of excusable neglect."[3]

---

[1] *Keenan v. Bagley*, 262 F. Supp. 2d 826, 830 (N.D. Ohio 2003 ) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)) (quotations omitted).
[2] Doc. 29 at 5.
[3] Fed. R. Civ. P. 6(b)(1)(B).

- 2 -

Case No. 1:18-cv-02417
GWIN, J.

In this case, Plaintiff argues that he missed the deadline for responding to Mohr's motion to dismiss because he contracted COVID-19.[4] However, Plaintiff goes on to explain that after he recovered from COVID-19, he decided not to file a motion for an extension because he did not believe the Court would grant it.[5] Instead, Plaintiff waited to move for an extension until a month after the Court ruled on the merits of Mohr's motion to dismiss.

At this point, the Court denies Plaintiff's motion for an extension of time to file a response under Rule 6 as moot. Even if the Court permitted Plaintiff to file his response, it would not affect the already-granted motion to dismiss. As discussed above, Plaintiff has not shown that the Court should alter or amends its judgment under Rule 59.

To the extent that *pro se* Plaintiff Briscoe meant to move for a relief from judgment under Rule 60(b)(1), the Court must consider "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim of defense."[6] Plaintiff bears the burden of establishing that he is entitled to the relief "by clear and convincing evidence."[7]

To determine whether neglect was excusable, courts look at five factors: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[8]

---

[4] Doc. 29 at 5.
[5] *Id*.
[6] *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).
[7] *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).
[8] *Yeschick*, 675 F.3d at 629 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Case No. 1:18-cv-02417
GWIN, J.

In this case, Plaintiff has failed to establish excusable neglect. Though Covid sickness gave Plaintiff the argument that his neglect was excusable, Plaintiff admits he recovered from his illness in February. But Plaintiff did not move for an extension in February—though the Court had yet to rule on Mohr's motion—because Plaintiff determined "any effort to respond was useless." Plaintiff's decision not to ask for an extension because he believed it was futile cannot qualify as "neglect."

Accordingly, the Court denies Plaintiff's motion for an extension of time to file a response to Mohr's motion to dismiss. Likewise, the Court denies Plaintiff any relief from its order granting Mohr's motion to dismiss.

### C. Plaintiff's Motion for Leave to Amend Complaint

Under Rule 15, the court should freely grant a plaintiff leave to amend their complaint "when justice so requires."[9] However, a court may deny leave to amend when "the amendment would be futile."[10] Amendment is futile if the complaint still could not survive a Rule12(b)(6) motion to dismiss.[11]

With his motion for leave to amend his complaint, Plaintiff does not offer new facts that would support his claims against Mohr. Instead, Plaintiff asks the Court to focus on his allegation that Defendant Weishar said that "Legal is backing us!" and that Mohr is "legal."[12]

But Plaintiff's allegation that Mohr said he was "backing" the other Defendants does not support his conclusory claims that Mohr "implied [that the Defendants should] charge

---

[9] Fed. R. Civ. P. 15(a)(2).
[10] Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
[11] Rose v. Hartford Underwrites Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).
[12] Doc. 29 at 8.

- 4 -

Case No. 1:18-cv-02417
GWIN, J.

[and] find [Plaintiff] guilty and [that Mohr would] affirm[] any appeal."[13]  Likewise, it does not support a claim that Mohr was in a conspiracy with the other defendants to retaliate against Plaintiff for Plaintiff's complaints about another inmate.

Because any amendment to Plaintiff's complaint would be futile, the Court denies Plaintiff's motion for leave to amend.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Briscoe's motion for the Court to alter or amend its decision granting Mohr's motion to dismiss on the merits.  Further, the Court **DENIES** Plaintiff's motion for an extension of time to respond to Mohr's motion to dismiss.  Finally, the Court **DENIES** Plaintiff's motion to amend his complaint.

IT IS SO ORDERED.

Dated: May 26, 2020               *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[13] Doc. 29 at 12.

- 5 -