UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| ELVERT S. BRISCOE, JR., | : | CASE NO. 1:18-cv-02417 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 73] |
| v. | : |  |
| GARY MOHR, et al., | : |  |
| Defendants. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Elvert S. Briscoe, Jr., an Ohio prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against multiple Ohio Department of Rehabilitation and Correction ("ODRC") officials and Mark Hurayt, a fellow incarcerated person.[1]

Plaintiff Briscoe previously moved for default judgment against Defendant Hurayt.[2] This Court denied that motion.[3]

Plaintiff now moves this Court to alter or amend its judgment denying Plaintiff's motion for default judgment under Federal Rule of Civil Procedure 59.[4] Defendant opposes.[5]

With this motion, the Court must determine whether there is a clear error of law, an intervening change in the controlling law, newly discovered evidence, or a need to prevent manifest injustice that warrants altering or amending the Court's earlier judgment.[6]

For the following reasons, the Court **DENIES** Plaintiff Briscoe's motion.

---

[1] Doc. 1.
[2] Doc. 43. *See also* Doc. 37.
[3] Doc. 72.
[4] Docs. 73; 73-1.
[5] Doc. 75.
[6] Fed. R. Civ. P. 59(e); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted).

Case No. 1:18-cv-02417
GWIN, J.

I. Background

The events leading to this case occurred while Plaintiff was incarcerated at Grafton Correctional Institution. According to Plaintiff Briscoe, Defendant Hurayt, another Grafton inmate, and prison officials conspired to implicate Plaintiff in a false escape plot in retaliation for Briscoe reporting Hurayt's false allegations and contraband to prison authorities.[7]

In an administrative hearing, Plaintiff Briscoe was found guilty of plotting to escape.[8] Plaintiff additionally alleged that this proceeding violated his procedural due process rights.[9] After Plaintiff Briscoe lost his administrative appeal, he brought the present suit alleging various civil rights violations.[10]

In March 2019, this Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[11] Plaintiff appealed.[12] The United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff Briscoe's equal protection and excessive force claims and vacated this Court's dismissal of Plaintiff Briscoe's procedural due process and retaliation claims.[13] Plaintiff Briscoe did not argue to the Sixth Circuit that this Court erred in dismissing Briscoe's state law claim against Defendant Hurayt.[14] The Sixth Circuit therefore found that Briscoe had abandoned that claim.[15]

A jury trial was held on Plaintiff's retaliation and procedural due process claims in October 2021. The Court granted Defendant's Rule 50 motion for a directed verdict on

---

[7] Doc. 1.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Doc. 5.
[12] Doc. 7.
[13] *Briscoe v. Mohr*, No. 19-3306, 2020 WL 1813660, at *4 (6th Cir. Mar. 16, 2020), *cert. denied sub nom. Briscoe v. Chambers-Smith*, 141 S.Ct. 911 (2020).
[14] *Id.* at *1.
[15] *Id.* (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005)).

Case No. 1:18-cv-02417
GWIN, J.

Plaintiff's procedural due process claim.[16] The jury returned a verdict for Plaintiff Briscoe against Defendant Steve Weishar on Plaintiff's First Amendment retaliation claim, and awarded Plaintiff $3,000 in damages.[17]

Before trial, this Court denied Plaintiff Briscoe's motion for default judgment against Defendant Hurayt.[18]

## II. Discussion

A court should grant a motion to alter or amend judgment under Rule 59 "only 'if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.'"[19] Rule 59(e) does not give a disappointed litigant an opportunity to reargue a case by restating previously considered issues or attempting to persuade the Court to reverse the judgment by offering the same arguments previously presented.[20] Further, a Rule 59(e) motion "is not a substitute for appeal or a vehicle for the presentation of arguments omitted before judgment."[21]

In this case, no error of law, new evidence, or intervening change in controlling law warrants an alteration or amendment of judgment under Rule 59(e).

### A. Plaintiff abandoned his claim for intentional infliction of emotional distress against Defendant Hurayt by not arguing it on appeal to the Sixth Circuit.

Plaintiff sued Defendant Hurayt for intentional infliction of emotional distress.[22] The Sixth Circuit held that Plaintiff abandoned this claim because he did not argue it on appeal.[23]

---

[16] Transcript of Trial, Briscoe v. Mohr et al., No. 1:18-cv-02417 (N.D. Ohio, Oct. 13, 2021).
[17] Doc. 70.
[18] Docs. 37; 43; 72.
[19] *Keenan v. Bagley*, 262 F. Supp. 2d 826, 830 (N.D. Ohio 2003) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted)).
[20] *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted); *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).
[21] *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 911 (N.D. Ohio 2004) (citation omitted).
[22] Doc. 1 at 39.
[23] *Briscoe*, 2020 WL 1813660 at *1 (citation omitted).

- 3 -

Case No. 1:18-cv-02417
GWIN, J.

This Court denied Plaintiff's motion for default judgment against Defendant Hurayt on this claim because it was abandoned.[24] This Court now denies Plaintiff's Rule 59(e) motion to amend that decision for the same reason.

### B. Plaintiff may not sue Defendant Hurayt for constitutional violations under § 1983 because Hurayt's conduct may not be fairly attributable to the State.

Plaintiff sued Defendant Hurayt under § 1983 for retaliation in violation of the First Amendment.[25]

This Court denied Plaintiff's motion for default judgment against Defendant Hurayt on this claim because Hurayt's conduct may not be fairly attributable to Ohio.[26] This Court now denies Plaintiff's Rule 59(e) motion to amend that decision for the same reason.

A private individual can be held liable for constitutional violations under § 1983 when the "conduct allegedly causing the deprivation of a federal right may be fairly attributable to the State."[27]

The Sixth Circuit recognizes three tests for determining whether a private individual's conduct is fairly attributable to the State: (1) the public function test; (2) the state compulsion test; and (3) the nexus test.[28] A private party's conduct may also be attributable to the state for the purposes of § 1983 if the private party has engaged in a conspiracy or concerted action with state actors.[29]

Defendant Hurayt's conduct does not satisfy any of these tests.

---

[24] Doc. 72.
[25] Doc. 1 at 38.
[26] Doc. 72.
[27] *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).
[28] *Memphis, Tenn. Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citation omitted).
[29] *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020); *Memphis, Tenn. Area Loc., Am. Postal Workers Union, AFL-CIO*, 361 F.3d at 905 ("Private persons may be held liable under § 1983 if they willfully participate in joint action with state agents."); *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983.").

Case No. 1:18-cv-02417
GWIN, J.

### a. The Public Function Test.

The public function test "requires that the private [individual] exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain."[30] Plaintiff Briscoe does not allege that Hurayt exercised powers related to a traditionally public function.

### b. The State Compulsion Test.

The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state.[31] Plaintiff Briscoe does not allege that Hurayt was coerced by prison staff to retaliate against Plaintiff.

### c. The Nexus Test.

Under the nexus test, the plaintiff "must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself."[32] "[M]ere cooperation" between state officials and private individuals, "does not rise to the level of merger required for a finding of state action."[33]

Plaintiff Briscoe did not show evidence sufficient to show a sufficiently "close nexus" between the prison officials and Hurayt's conduct such that Hurayt's conduct may be attributed to the state. At most, Plaintiff alleged cooperation between Hurayt and the prison staff to retaliate against Plaintiff for reporting Hurayt's false allegations and contraband.

### d. The Civil Conspiracy Test.

A civil conspiracy consists of "an agreement between two or more persons to injure

---

[30] *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted).
[31] *Id.*
[32] *Weser*, 965 F.3d at 516 (quoting *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003)).
[33] *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000).

- 5 -

Case No. 1:18-cv-02417
GWIN, J.

another by unlawful action."[34] To prove a civil conspiracy, one must prove: (1) a single plan existed; (2) the alleged coconspirators shared a general conspiratorial objective to deprive Plaintiff of his rights; and (3) an overt act was committed in furtherance of the conspiracy that injured the Plaintiff.[35]

Hurayt's alleged cooperation with prison official Defendants is insufficient to prove that a civil conspiracy existed. The evidence at trial did not prove the existence of a plan nor a general conspiratorial objective shared between Hurayt and Defendant Weishar. Plaintiff says Hurayt committed two "overt acts" in furtherance of the conspiracy: (1) Hurayt's statements to prison officials regarding the escape plot; and (2) Hurayt's submission to a lie detector test regarding those statements.[36] Plaintiff did not present evidence, however, that those acts were taken in furtherance of a conspiracy between Hurayt and prison officials.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Briscoe's motion to alter or amend its judgment.

IT IS SO ORDERED.

Dated: January 13, 2022     *s/     James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[34] *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985).
[35] *Id.*
[36] Doc. 73-1 at 7.

- 6 -